**Joseph VELLA, et ano., Plaintiffs,**

v.

**ATLANTIC INTERNATIONAL FINANCE, INC., et al., Defendants.**

**No. 94 Civ. 9059 (LAK).**

United States District Court, S.D. New York.

July 18, 1995.

Philip Gelfand, Stuart G. Schwartz, New York City, for plaintiffs.

Stephen J. Fallon, Mansfield, MA, for defendants Atlantic International Finance, Inc. and James W. Massaro.

**MEMORANDUM OPINION**

KAPLAN, District Judge.

This is an action pursuant to the federal securities laws and on various State law theories in which plaintiffs claim that they were induced by fraud to enter into a joint venture agreement with defendant Atlantic International Finance, Inc. ("Atlantic") of which defendant James W. Massaro allegedly is president. The joint venture agreement contains a broad arbitration clause.[1] Atlantic and

---

1. The arbitration clause provides in relevant part:

"In the event of a dispute concerning any aspect of this Agreement, including breach of claim, breach thereof with resulting damages

Massaro move to stay this action pending arbitration. Plaintiffs oppose the motion on two grounds.

■ Plaintiffs argue first that the arbitration clause is unenforceable because they were induced to sign the joint venture agreement by fraud and, indeed, never even knew that it contained an arbitration clause. The courts repeatedly have held, however, that one must distinguish between fraud in the inducement of the contract and fraud in respect of the arbitration clause itself. In the former case, the issue of fraud is for the arbitrators. Only in the latter is it for the Court. *E.g., Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); *Robert Lawrence Co. v. Devonshire Fabrics, Inc.*, 271 F.2d 402 (2d Cir.1959), *cert. dismissed*, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960). Here there is no colorable claim of fraud in the inducement of the arbitration clause itself, as distinct from the contract generally. While plaintiffs claim that they relied on the allegedly conflicted advisor with respect to the contract and that the advisor failed to explain the significance of the arbitration clause and discouraged them from consulting counsel, the fact remains that the plaintiffs both signed the agreement, paragraph 4 of which bore the caption **"ARBITRATION"** and contained the clause. *See* I E. ALLAN FARNSWORTH, FARNSWORTH ON CONTRACTS § 4.10, at 403 (1990). There is no evidence that plaintiffs were misled by misrepresentations specific to the arbitration clause rather than to the contract as a whole. *Rosen v. Waldman*, No. 93 Civ. 225 (PKL), 1993 WL 403974, at *2–3, 1993 U.S. Dist. LEXIS 14076, at *6–7 (S.D.N.Y. Oct. 7, 1993); *Kyung In Lee v. Pacific Bullion (New York) Inc.*, 788 F.Supp. 155, 157 (E.D.N.Y.1992). In consequence, the issue of fraud is for the arbitrators.

■ Second, plaintiffs contend that the action should not be stayed because the provision requiring arbitration of their federal securities law claims constitutes a waiver of substantive rights that runs afoul of Section

14 of the Securities Act of 1933, 15 U.S.C. § 77n. It is a vast understatement to suggest that this is a difficult argument in light of *Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989), and *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). Plaintiffs gamely argue that a stay would deprive them of substantive rights because Massaro, who did not sign the arbitration clause, cannot be compelled to arbitrate and because movants seek only a stay pending arbitration rather than an order compelling arbitration. Suffice it to say that the first argument is easily dealt with by preserving plaintiffs' rights against Massaro and that the second is frivolous in view of the fact that it is within plaintiffs' power to demand arbitration of their claims against Atlantic.

Accordingly, Atlantic's motion to stay this action as to itself pending arbitration is granted. Defendants' motion is denied in all other respects.

SO ORDERED.

to (the) another (other) Party (ies); remedy shall first be sought by communication between the Parties. If communication fails then the Parties agree to have the matter arbitrated under the Rules of the American Arbitration Association in Boston, Massachusetts. Arbitration shall be binding on all Parties, and any decision rendered in arbitration may be entered as a judgment in any court of competent jurisdiction." (Joint Venture Agreement ¶ 4)